**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2910
_____

IN RE: RAMSEY RANDALL,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Civ. No. 5-23-cv-01389)

_____

Submitted Pursuant to Fed. R. App. P. 21
February 8, 2024
Before:  BIBAS, MATEY, and CHUNG, <u>Circuit Judges</u>.

(Opinion filed:  March 1, 2024)
_____

OPINION[*]
_____

**PER CURIAM**

Petitioner Ramsey Randall is a Pennsylvania prisoner currently incarcerated at the

State Correctional Institution at Greene.  In April 2023, he filed a petition for a writ of

habeas corpus in the District Court claiming that his due process rights had been violated

during his parole-revocation proceedings.  He then filed several motions in the District

Court, including motions for appointment of counsel, to compel documents, to be released

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

on bail, and to add a defendant. When the Pennsylvania Parole Board responded to Randall's petition in August 2023, it indicated that Randall was still pursuing his administrative remedies. Randall filed a reply and then asked the District Court to order the Magistrate Judge to rule on his motions. In October 2023, when he still had not received a ruling on his motions, Randall filed in this Court a petition for a writ of mandamus asking us to compel the Magistrate Judge to rule on them.

We will deny the mandamus petition. A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Generally, a court's management of its docket is discretionary, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no "clear and indisputable" right to have a district court handle a case in a particular manner, see Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) (per curiam). While mandamus may be warranted when a delay in ruling amounts to a failure to exercise jurisdiction, see Madden, 102 F.3d at 79, that has not happened here. To the contrary, after Randall filed his mandamus petition in this Court, the Magistrate Judge directed the Government to provide an update on the status of his administrative appeal and any subsequent state-court appeals. It thus appears that the case is moving forward without unreasonable delay. We are confident that the Magistrate Judge and District Court will adjudicate the pending motions, as well as the underlying habeas petition, in due course.

Accordingly, we will deny the mandamus petition. Randall's motions for appointment of counsel and release on bail are denied.